BLAKENSHIP AND ANOTHER V. ADKINS.

Where it becomes necessary to sue for the recovery of an amount remaining due upon an indebtedness originally within the jurisdiction of the District Court, if the suit is upon the original cause of action, it must be brought in that Court, though the debt may have been reduced by payment to a sum within the jurisdiction of a Justice of the Peace. Where the original cause of action has been extinguished, and the amount remaining due within the jurisdiction of a Justice of the Peace has become the cause of action, it would be otherwise.

Where the plaintiff sued for the reasonable value of work and labor, and the defendant alleged a special agreement to refer, in case of dispute when the work should be finished, a reference accordingly and an award, and the plaintiff replied fraud in the referees, and the Court charged the jury that if they should find that the referees acted in good faith, they should find for defendant, and leave the plaintiff to his remedy on the special contract, it was held that the instruction should have been, that in that event they should find for the plaintiff the amount ascertained by the referees to be due.

Error from Harrison. Action by the plaintiff in error for the reasonable value of certain work and labor in building a house for the defendant, for the particulars of which reference was made to an account accompanying the petition, amounting to $1492 87. The sum of $1045 17 was admitted to have been paid, and a balance of over one hundred dollars was claimed by the plaintiffs. The defendant answered that there had been a special contract by which it was stipulated that if, when the work was completed, the parties differed as to the price, it should be left to competent workmen to be chosen by them, whose decision should be binding; that they did differ, and that certain persons were chosen to fix the price, and that they examined and appraised said work and reported the same to the parties to be worth $1123 52. To this answer the plaintiffs replied, charging fraud upon the referees. At the trial the Court charged the jury that if they should find that the referees acted in good faith, they should find for the defendant, and leave the plaintiff to his remedy on the special contract.

Verdict and judgment for the defendant.

*D. S. Jennings*, for plaintiffs in error. The effect of the special argument, if any, was only to provide a mode of ascertaining the amount due for the labor of the plaintiffs; still when ascertained it would be a *quantum meruit*. (Mudd. v. Mudd, 3 Har. & J. 438, 1 U. S. Dig. 276.)

Instead of turning the plaintiffs round to sue on the award, the Court should have instructed the jury to find for them the amount they had proved their work to be worth, *minus* the sum they had admitted to have been paid; for the omission to except to the defendant's special answer can make no difference, for it is the settled law of this Court, "That the fail-"ure of a party to except to the pleadings of his adversary "will not authorize a judgment upon a petition or answer "which discloses no cause of action or ground of defence, "though its verity in fact be admitted or proven." (Borden *et al* v. The Republic, 2 Tex. R. 564; Patterson v. Goodrich, 3 Tex. R. 331.)

*Henderson & Jones*, for defendant in error. I. This cause must be dismissed for want of jurisdiction in the Court below, and in this Court. By the express contract between the parties, the debt originally amounted to $1123 52, and " the "plaintiffs admitted that the defendant had paid them, before " the commencement of this suit, in the price of the work done " on said house, the sum of $1045 17." This left a debt of but $78 30, an amount not in the jurisdiction of the District Court. (See Constitution, Art. 4, Sec. 10; Swigley v. Dickson, 2 Tex. R. 192-4.)

There have been cases subsequent to the one in 2 Tex. R., in which a contrary opinion seems to be held, but none of them are a direct authority to the contrary. (2 Tex. R. 120; 5 Tex. R. 386; 3 Tex. R. 112; 9 Tex. R. 405.)

II. It is complained, that the Court erred in instructing the jury, that, if they should find that the persons chosen to fix the price of the work, acted in good faith, they should find for the defendant, and leave the plaintiff to his remedy on the

special contract.   Now, indeed, if the suit was based on a
contract to pay for the work so much as it was worth, or, in
legal terms, was on a *quantum meruit*, as the Court construed
it, and there was a special contract for ascertaining and fixing
the price, as there was proven to have been, then there can be
no doubt that the charge was in accordance with law and the
authorities.   (See 9 Tex. R. 436.)

The only question therefore is, was the suit founded on a
*quantum meruit ?*   There can be little doubt of this.   The
plaintiffs declare that the defendant is indebted to them in a
certain sum, for work done at his request, for the particulars
and charges of which, reference is made to a bill of particu-
lars.   Why is he indebted in this sum ?   Because the charges
of which the sum is composed, " are reasonable and proper."
" Wherefore the plaintiffs pray for a judgment against the said
" defendant, for the sum of fourteen hundred and ninety-two
" dollars and eighty-seven cents."   An analysis of the petition
is the only argument that is necessary.


WHEELER, J.   The objection to the jurisdiction of the Court,
we do not think well founded.   Where it becomes necessary
to sue for the recovery of an amount remaining due upon an
indebtedness, originally within the jurisdiction of the District
Court, if the suit is upon the original cause of action, it must
be brought in that Court, though the debt may have been re-
duced by payment to a sum within the jurisdiction of a Jus-
tice of the Peace.   For the cause of action is not within the
Justice's jurisdiction ; and the defendant by pleading to it,
may bring in litigation the entire cause of action.   If by any-
thing subsequent the original cause of action were extin-
guished ; and the amount remaining due within the jurisdic-
tion of a Justice of the Peace had become the cause of action,
it would be otherwise.

In respect to the merits of the case, we do not doubt there is
error in the judgment.   The argreement to refer, was for the
purpose only of ascertaining the value of the work and the

amount of indebtedness upon the contract. When the amount had been ascertained in accordance with the contract, that was the amount which the plaintiff was entitled to demand. But he could not be turned out of Court merely because he demanded more than was due him. Whatever was due was upon the original contract and indebtedness, and that, whatever it might be, was what the plaintiff was entitled to recover. If the defendant had paid the full amount ascertained to be due in the mode agreed upon, that of course would have been a bar to the action. But that is not pretended. He pleaded a partial payment, and that he "was willing and offered to pay" the residue. But he did not bring the money into Court, or aver a present willingness to pay the balance which his plea showed to be still due and unpaid, agreeably to the award on which he relied. On the contrary he proceeded to controvert the plaintiffs' right to demand and receive it. The instruction of the Court therefore was erroneous. It made the plaintiffs' right to recover the amount remaining due, to depend on the sole question whether there was fraud on the part of the defendant in procuring the award. Of this there was no evidence, and could be no pretence. Because of the error in the charge of the Court, the judgment must be reversed and the cause remanded.

Reversed and remanded.